
FILED
2021 Apr-30  PM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | | |
|---|---|---|
| Quartez Dondarious Marshall, | * | |
| Plaintiff, | * | |
| | * | |
| *v.* | * | **CIVIL ACTION NUMBER:** |
| | * | |
| | * | **4:20-cv-01429-CLM** |
| Etowah County, | * | |
| | * | |
| Sheriff Jonathon W. Horton, in his official capacity | * | |
| | * | |
| Doctors' Care Physicians, P.C., | * | |
| | * | |
| Defendants. | * | |

---

## FIRST AMENDED COMPLAINT

---

Comes now through this short and plain statement of facts, the Plaintiff Quartez Dondarious Marshall and does plead these claims through the undersigned attorneys, and do hereby seek damages, both monetary & equitable damages.

## <u>JURISDICTION</u>

1.  The action is brought against Etowah County and Jonathan Horton in his official capacity as Etowah County Sheriff because of the systematic failures to discharge Constitutionally requisite duties to ensure Equal Protection and Due Process, the neglect of which have come about through a failure to protect disabled individuals by complying with the Americans with Disabilities Act (ADA). Under 42 U.S.C. § 1983, one may sue state or local officials for the "deprivation of any rights,

privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), one may sue federal, state and county officials for the violation of certain constitutional rights. Section 1983 allows defendants to be found liable when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.

2.     Doctors' Care Physicians, P.C. is a duly incorporated entity operated within this Court's jurisdiction and damages exceed seventy-five thousand dollars for the tort claims asserted.

## PARTIES

3.     Plaintiff, Quortez Marshall, is an individual over the age of nineteen (19) and a citizen of Etowah County, Alabama and of sound mind.  He is a current citizen detainee of the Bullock Correctional Facility.  He is and has been since December 2010 a T6 paraplegic and is thus considered disabled under the Americans with Disabilities Act (ADA).    Plaintiff Marshall is an African-American or would be otherwise on government forms in America be classified as a "black" man.

4.     The Plaintiff's protected Constitutional Rights and/or Civil Rights have been violated to include the right to life, liberty, due process, against any form of cruel & unusual punishment, and other inalienable, natural rights.

5.     The Defendant, Etowah County is and was the government entity responsible for funding and maintaining the premises of the Etowah County Detention Center.

6.     The Defendant, Jonathan Horton is the current Sheriff and thus county official in charge of overseeing and staffing the Etowah County Detention Center.

7.     The Defendant, Doctors' Care Physicians, P.C., is an Alabama corporation that does business in Etowah County.  It is the contracted healthcare provider for the Etowah County Detention Center.

## GENERAL FACTS ALLEGED

8.     Quortez Marshall is a disabled individual that was incarcerated in the Etowah County Detention Center.  He has been discriminated against through violations of the ADA.  From January 1, 2020 to at or around 09 February 2021 was detained in the Etowah County Detention Center and pleads the claims set out herein for the damages asserted based upon the breaches alleged.

9.     The People of the State of Alabama and of the United States of America have certain standards set out by the law, to include the United States Constitution.

10.     Plaintiff Quortez Marshall has been held in a facility that is not equally accessible, equally functional and otherwise suitable with regards to minimum standards that a breach thereof would be unconstitutional and wherein said breaches in the standard fail to protect individuals with disabilities equally like his own.

11.     The Defendants have failed to discharge duties to protect the Constitutional rights of Plaintiff Marshall.

12.     Plaintiff Marshall's rights have been violated by the deficiencies found in the Etowah County Detention Center that violate federal law under the Americans with Disabilities Act.  Defendant Doctors' Care Physicians did act tortiously as set out herein.

*Plaintiff ~ Certis Nota Facta*—**Quortez Dondarious Marshall**
**Reasonable Specificity of Notice Per Statute & Case Law**

13.    Quortez Marshall, a  resident of Etowah County, is a natural born American being a citizen of the United States.  He herein asserts claims as set out above and below against each named Defendant.   He has suffered emotional distress, trauma, pain, mental anguish and other actionable damages to include the damages related to the breaches of his civil rights and discrimination by violation of federal laws, namely the ADA.

14.    Mr. Marshall is and has been a citizen detainee in the Etowah County Detention Center from January 2020 to at least 09 February 2021.  It is believed that the Plaintiff is now a Detainee at Bullock Correctional Facility.  He did not have a choice as to facilities and has been under the care, control and custody of the Etowah County Sheriff's Department for the duration of his incarceration.

15.    During his time as a citizen detainee, Mr. Marshall has experienced ongoing and specific breaches of his constitutional rights.  The damages were real and there is no law without redress of damages.

16.    He was incarcerated and kept in a unit that does not meet the minimum standards of Title II of the ADA that regulates the building and updating of government facilities such as jails.  The conditions being substandard albeit due to the neglect of the county to fund the detention center or due to the failure to discharge a duty of the Sheriff or both which forced Plaintiff to endure cruel and unusual punishment.


## CLAIMS FOR RELIEF FOR CIVIL RIGHTS VIOLATIONS


17.    Damages for these civil rights violations exist.  Damages include, but are not limited to: the loss of the health, quality of life, general happiness, and other general and specific injuries, all due to the neglect, breaches and incidents.

18.    He has also suffered mental anguish and emotional distress. He adopts the civil rights claim of breaches of the Fifth, Eighth & Fourteenth Amendments.

19.    The statutory cap for the County and Sheriff as an Agent of the State of one hundred thousand dollars ($100,000) is demanded, and it is believed case law preclude the application of the cap and thus, in the alternative two million ($2,000,000) dollars is claimed from the County and Sheriff's Department under *respondeat superior* and applicable case law and in joint and several liability with the other Defendants.

20.    Further, Claimant claims, notices and requests that he be allowed to exercise his right to present the same to a jury of his peers and the jury selected to hear this case render a verdict for Plaintiff and against each Defendant.


## PLEADING OF LEGAL COUNTS FOR RELIEF

### COUNT ONE
### Americans With Disabilities Act (ADA) Violations
### Against Defendant Etowah County & Sheriff Horton

21.    As an inmate of the Etowah County Detention Center, Plaintiff Mr. Marshall was been in the custody of the Etowah County Sheriff's department and its employees.

22.    Title II of the Americans with Disabilities Act, or ADA, applies to government facilities including jails, and requires the premises thereof to be built or feasibly altered in such a way that the facility is equally usable by disabled individuals. There is no "grandfather" clause to ADA compliance not to mention multiple remodels, repairs and/or upgrades to the facility at issue have been made and yet the premise remains non-compliant with ADA.

23.    The Etowah County Detention Center is not sufficiently equipped or maintained as to be equally accessible in all its requisite facilities, to include latrine, common eating areas, showering areas, to disabled detainees such as Plaintiff Mr. Marshall.

24.    Namely, in Unit 6, where Plaintiff was held, does not contain in its toilet facilities handicap handrails rails for the use of disabled individuals. Because of this lack of accommodations he endured cruel and unusual punishment. Plaintiff was forced to place his wheelchair over eighteen (18) inches from the toilet. He had to maneuver to the toilet, grabbing with his bare hand the mouth or lid of the toilet to climb or slide onto it to use it. This movement requires him to touch the floor around the toilet, the actual toilet itself which does not have a lid and is used by over one hundred (100) other residents which also causes the floor to have a wet mixture of water and urine. Thus, Plaintiff due to the lack of accommodations (*To wit*: handrails) was forced into cumbersome, unsanitized, inhumane and unreasonably difficult situations each time Plaintiff Marshall needed to use the toilet. And without handrails it was difficult after having a bowel movement to properly clean himself which is hygiene essential and common sense.

25.    In addition, the sinks in the bathroom areas of Unit 6 are also not to standard and thus ADA-non-compliant. The sink is designed and positioned in such a way to not be wheelchair accessible. Plaintiff Marshall cannot and could not approach the sink from an appropriate forward approach as there is insufficient clearance for his legs which was and is an ADA breach.

26.    Also, the showers are non-ADA compliant. There is a rim or divider between the shower and entrance that is about three to four inches tall. In order to enter the shower in his wheelchair, Plaintiff Marshall must and did "jump" the divider in the wheelchair. Doing so causes his wheelchair to become damp and wet. The shower does not have handrails as well. For about three (3) months, Plaintiff Marshall was not provided a shower chair to use in order to shower. In such situations, he was forced to shower in his wheelchair, which will become saturated and remain wet for three to four days at a time.

27.    Plaintiff Marshall reported these issues, including the lack of handrails and his refusal of a shower chair to one of the Captains or Deputies. He was informed that his only other option was to be transferred to the "lock-down" unit

that holds violent offenders and inmates with disciplinary issues. He does not believe this unit is ADA-compliant either.

28.   As a result of these violations, Plaintiff Marshall has been at the least humiliated and at the most exposed to conditions that are hazardous to his health and function. Moreover, he has thus experienced discrimination as a disabled, minority individual that is expresssly prohibitied by the ADA. If the facilities were maintained in the equally accessible state as required by the standards held forth in Title II of the ADA, he would not have been exposed to such conditions and discrimination. The claim on behalf of Plaintiff Marshall is for two million dollars ($2,000,000) against Defendant Doctors' Care Physicians, P.C. The Plaintiff demands one-hundred thousand dollars ($100,000) against the County and Sheriff Horton for a total of two-hundred thousand ($200,000) for Defendants actions and the actions of its individual agent and employee.

## COUNT TWO
### §1983 Civil Rights Violation(s)
### Against Defendant Etowah County & Sheriff Horton

29.   The civil rights of Plaintiff Quortez Marshall were breached as herein alleged. If the breaches are not alleged to exist as having been remedied or simply no longer exist, the same does not preclude the fact that breaches were committed and civil rights infringed upon. Defendant Etowah County and Sheriff Horton have failed to provide access to standardized care and medical devices. Plaintiff Marshall is an African-American and has been discriminated against based upon race and color. Plaintiff Marshall was disregarded or otherwise dismissed due to being "black" and "disabled".

30.   Namely, the ADA non-compliance and conditions of the facility have amounted to a violation of his Fifth Amendment rights to Equal Protection, his

Eighth Amendment Rights against Cruel and Unusual Punishment, and finally his Fourteenth Amendment rights to Due Process.

31.    The Supreme Court has held that section 1983 creates "a species of tort liability" (*Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 [1976]). Thus, the Supreme Court has held that, as in Tort Law, a section 1983 plaintiff is entitled to receive only nominal damages, not to exceed one dollar, unless she or he can prove actual damages (*Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 [1978]).

32.    The jury is not entitled to place a monetary value on the constitutional rights of which the Plaintiff was deprived[1], but Plaintiff may present evidence of all expenses incurred, such as medical or psychiatric expenses, lost wages, and any damages due to pain and suffering, emotional distress, or damage to reputation.

33.    The Plaintiff is also under a burden to mitigate damages, and the award of damages may be reduced to the extent that the Plaintiff failed to do so.  Plaintiff Marshall has attempted to mitigate his damages.

34.    A section 1983 plaintiff is also required to prove that a federal right was violated and, similar to tort law, that the alleged violation was a proximate or legal cause of the damages that the plaintiff suffered (*Arnold v. IBM Corp.*, 637 F.2d 1350 [9th Cir. 1981]).

35.    The Supreme Court has also held that, similar to tort law, Punitive Damages are available under section 1983 (*Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 [1983]). A plaintiff is entitled to punitive damages if the jury finds that the defendant's conduct was reckless or callously indifferent to the federally protected rights of others or if the defendant was motivated by an evil intent. The jury has the duty to assess the amount of punitive damages. Because the purpose of punitive damages is to punish the wrongdoer, such damages may be awarded even if the plaintiff cannot show actual damages (*Basista v. Weir*, 340 F.2d

---

[1] *Memphis Community School District v. Stachura*, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 [1986]

74 [3d Cir. 1965]). As in tort law, the judge has the right to overturn a jury verdict if the jury awards what the judge considers to be excessive punitive damages.

36. Courts also have broad power to grant equitable relief to Plaintiffs in section 1983 actions. Equitable remedies that courts have provided in the past include School Desegregation, restructuring of state mental health facilities, and restructuring of prisons (*United States v. City of Yonkers*, 96 F. 3d 600 [2nd Cir. 1996]; *Wyatt v. Stickney*, 344 F. Supp. 373 [M.D. Ala. 1972]; *Hutto v. Finney*, 437 U.S. 678, 98 S. Ct. 2565, 57 L. Ed. 2d 522 [1978]). When the court does provide equitable relief, it usually also provides ongoing evaluation and supervision of the enforcement of its orders.

37. The Civil Rights Attorney's Fee Awards Act of 1976 (42 U.S.C.A. § 1988[b]) allows for the award of reasonable attorneys' fees to the prevailing party in cases brought under various federal civil rights laws, including Section 1983. This provision applies whether or not compensatory damages were awarded. This provision also applies whether the plaintiff or the defendant prevails. However, if the defendant is the prevailing party, attorneys' fees have been held to be appropriate only where the lawsuit was "vexatious, frivolous, or brought to harass or embarrass the defendant" (*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 [1983]). In addition, section 1988 does not require that the attorneys' fees awarded be in proportion to the amount of damages recovered (*City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 [1986]).

38. Rule 68 of the Federal Rules of Civil Procedure can lead to the adjustment of the amount of damages awarded by a jury in a section 1983 case. Enacted to encourage parties to settle their matters out of court, rule 68 provides that if the plaintiff rejected a settlement offer made by the defendant before trial that is better than the award the plaintiff ultimately received in the trial, the defendant is not liable for plaintiff's attorneys' fees incurred after the time the defendant made the settlement offer.[2]

---

[2] *Marek v. Chesny*, 473 U.S. 1, 105 S. Ct. 3012, 87 L. Ed. 2d 1 [1985]

39.    Defendants have breached their duty to Plaintiff Marshall by failing to perform and negligently performing their duties. Defendants failed to keep the facility equally accessible to diabled individuals. Defendants have had notice by way of Plaintiffs continued requests for ADA accommodations and acted with a callus indifference to him as a black, disabled man. As proximate consequences of Defendants' negligence and unlawful failures, Plaintiff Marshall suffered damages. The conduct of the Defendants was a failure to discharge a duty and otherwise civil rights breaches. The Plaintiff demands one-hundred thousand dollars ($100,000) against the County and Sheriff Horton for a total of two-hundred thousand ($200,000) for Defendants actions and the actions of its individual agent and employee.

### COUNT THREE
#### *General Negligence & Medical Neglect*
#### *Against Defendant Etowah County, Sheriff Horton & Doctors' Care Physicians, P.C.*

40. As a premises or building that is designed to contain human occupants for extended periods of time, a jail must be kept to minimum standards to ensure the health and safety of its occupants. It is the duty of the county to fund and thus facilitate maintenance of such facilities. This includes maintaining and facilitating the use of facilities for all inmates, including disabled individuals such as Plaintiff Marshall. Defendant Etowah County and Sheriff Horton have a duty, have breached said duty carelessly and with disregard therein committing the tort of negligence. Defendant Doctors' Care Physicians, by and through its agents, have a duty, breached said duty and have therein committed medical neglect. All Defendants have caused damages due to their negligence.

41.    By allowing the facilities of the Etowah County Detention Center to remain in an ADA non-compliant condition, the County and the Sheriff Jonathan Horton

have failed to uphold a duty to keep the premises in an accessible state.  Plaintiff Marshall believes that the county has failed to fund or properly maintain or update the facilities of the Etowah County Detention Center.  In addition, Defendant Horton, as Sheriff and government official with the duty of overseeing the running of the Etowah County Detention Center has failed to discharge his duty by allowing the facilities to remain in such a state.  Plaintiff has suffered damages which were caused by said negligence and does herein demand legal relief and redress. It was and is the duty of Doctors' Care Physicians, P.C. to provide medical services to the Detention Center which includes facilitating the prescription and delivery or logistics of a shower chair.  A shower chair is a medical device or medical equipment.  A general manner of describing the equipment within the healthcare field is "2021 HCPCS Code E0240."  The Healthcare Common Procedure Coding System is a set of healthcare procedure codes based on the American Medical Association's Current Procedural Terminology.  Thus, a shower chair is health care or medical care equipment. Defendant Doctors' Care Physicians, P.C. has been negligent and otherwise careless, breached a contractual and otherwise legal duty which resulted in damages to the Plaintiff for which he herein makes a claim.

42.  Plaintiff also alleges a claim against Doctors' Care Physicians, P.C. as the contracted healthcare provider of the Etowah County Detention Center for medical neglect and negligence by and through its agents.

43.  Defendant was the medical provider to the detention center and had reason to know of Plaintiff Marshall's disability.  Same failed to properly evaluate and prescribe medical devices, medical equipment, and otherwise medical products which the Plaintiff needs.

44.  Plaintiff alleges that Defendants failed to provide, procure, or suggest the provision of a proper shower chair or other medical device or accommodation for Plaintiff Marshall. Plaintiff alleges that the Defendants have failed to prescribe a

proper toilet lid. Plaintiff alleges that the Defendants have failed to prescribe proper hygiene products for his as a disabled man of a minority race which would include rubber gloves wherein he was forced to use alternative means to have a bowel movement and thereafter clean himself. This denial of standardized medicine, standardized medical prescribing, standardized medical directives as to the medical equipment and medical devices the Plaintiff needs is a breach of a duty for which the Defendant Doctors' Care Physicians, P.C. is contracted and has caused damages to the Plaintiff. And the Plaintiff is legally entitled to standardized medical care and standardized medical devices and equipment which have been denied in both access and actuality.

45. This failure exacerbated the damages caused by the lack of accommodation for Plaintiff Marshall's condition. It was and is the Doctors' Care Physicians, P.C. to provide medical services to the Detention Center which includes facilitating the prescription and delivery or logistics of a shower chair. A shower chair is a medical device or medical equipment. A general manner of describing the equipment within the healthcare field is "2021 HCPCS Code E0240." The Healthcare Common Procedure Coding System is a set of healthcare procedure codes based on the American Medical Association's Current Procedural Terminology. Thus, a shower chair is health care or medical care equipment. Defendant Doctors' Care Physicians, P.C. has failed to fulfill its duties and to properly train its employees regarding these standards and the tasks required within its systems to ensure fulfillment of these duties and contractual obligations of which Plaintiff is a third-party beneficiary. The failure to properly train and supervise was a breach of a duty and has caused the Plaintiff damages for which he herein pleads relief. The claim on behalf of Plaintiff Marshall is for two million dollars ($2,000,000) against Defendant Doctors' Care Physicians, P.C. The Plaintiff demands one-hundred thousand dollars ($100,000) against the

County and Sheriff Horton for a total of two-hundred thousand ($200,000) for Defendants actions and the actions of its individual agent and employee.

## DAMAGES - GENERAL & SPECIFIC

The Plaintiffs, herein plead damages as follows:

- ❖ Pain & Suffering,

- ❖ Mental Anguish,

- ❖ Emotional Distress,

- ❖ Physical Injuries,

- ❖ Loss of Reputation,

- ❖ Medical bills and related costs,

- ❖ Constitutional Right Breach of Plaintiff's sacred right to not be forced to suffer cruel and unusual punishment under the Law as afforded by natural law and recognized as protected by the Constitution of the United States of America,

- ❖ Constitutional Right Breach of Plaintiff's sacred right to Equal Protection under the Law as afforded by natural law and recognized as protected by the Constitution of the United States of America,

- ❖ Constitutional Right Breach of Plaintiff's sacred right to Due Process under the Law as afforded by natural law and recognized as protected by the Constitution of the United States of America,

- ❖ Constitutional Right Breach of Plaintiff's sacred right of Liberty under the Law as afforded by natural law and recognized as protected by the Constitution of the United States of America,

❖ Other general rights breaches of the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demand judgment against Defendants and/or fictitious party Defendant(s) for breaches of their Constitutional rights as herein pled. Plaintiff demands judgment against Defendants and/or fictitious party Defendant(s) for breaches of §1983 of the United States Code. Plaintiff demands judgment against Defendants, for general and compensatory damages that the court may determine for the tortious conduct of same.

MOVES now, this Honorable Court, the Plaintiff do herein demand a jury and request this Honorable Court set the matter for a Jury Trial and grant the following relief:

I.   The Plaintiff are awarded a judgment following a jury trial verdict for the maximum monetary amount statutorily and for claims and torts where caps do not apply the Plaintiff do herein request a Jury decide the appropriate verdict amount given the particular tort counts and facts.

II.  For the civil rights fees, costs and associated expenses to be taxed per the Act.

III. Any other general and specific relief to which the Plaintiff may be entitled.

Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the egregious nature of the Defendants' wrongful acts, general disregards, and determinant necessitated which will effectively deter and at some level prevent other similar wrongful acts.

Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and the claim is for the statutory amount of   The claim on behalf of Plaintiff Marshall is for two million dollars ($2,000,000) and or additionally and alternative one-hundred thousand dollars ($100,000) against the County and Sheriff Horton for a total of two-hundred thousand ($200,000) the actions of its individual agents.  Rights are herein reserved to amend the damage claim.

Respectfully submitted,

Trenton Garmon, Esquire (GAR093)
Ashley Weaver, Esquire
Attorneys for Plaintiff
2024 Third Avenue North
Birmingham, Alabama 35203
Direct: 205-753-3998
Office:  855-998-7368
Facsimile:  855-998-3329
Email:  trentongarmon@gfile.legal

## §1983 Pleading Notarized Oath & Verification

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being

presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Trenton Garmon**
Attorney for Plaintiff

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Pursuant to ARCP 4.1 and 4.2, Plaintiffs request that the Clerk direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

| | | |
|---|---|---|
| Sheriff Jonathan Horton | * | Etowah County Commission |
| Etowah County Sheriff's Office | * | First Floor Suite 113 |
| 827 Forrest Avenue | * | 800 Forrest Avenue |
| Gadsden, Alabama 35901 | * | Gadsden, Alabama 35901 |
| Telephone: 256-546-2825 | * | Telephone: 256-549-5495 |
| Facsimile: 256-549-8137 | * | |
| Email: jhorton@etowah.org | * | |
| | * | |
| | * | |
| | * | Doctors' Care Physicians, P.C. |
| | * | 307 East Meighan Boulevard |
| | * | Gadsden, Alabama 35903 |