# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **QUARTEZ DONDARIOUS MARSHALL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO.:** |
| ) | **4:20-cv-01429-CLM** |
| ) | |
| **ETOWAH COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Etowah County, Alabama ("Etowah County") and Etowah County Sheriff Jonathan Horton ("Sheriff Horton") (collectively "Defendants") submit this Brief in Support of their Motion to Dismiss Plaintiff Quartez Dondarious Marshall's First Amended Complaint.[1] (Doc. 20). As grounds for the Defendants' Motion to Dismiss, the Defendants state Plaintiff wholly failed to comply with the requirements of Rules 8, 10, 12, and 17 of the Federal Rules of Civil Procedure. Alternatively, if the Court does not grant the Defendants' Motion to Dismiss Plaintiff's Complaint, the Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

---

[1] Hereafter, this Brief will refer to Plaintiff's First Amended Complaint (Doc. 20) simply as "Complaint" as it is the operative complaint.

## STANDARD OF REVIEW

In resolving a motion to dismiss, a Court should accept "the allegations in the complaint as true and [construe] them in the light most favorable to the plaintiff." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (citing *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Instead, a plaintiff must establish such "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 556). Plaintiff's Complaint fails to meet this standard.

## ARGUMENT

Plaintiff's Complaint wholly fails to comply with the Federal Rules of Civil Procedure in its attempt to establish claims against the Defendants. Plaintiff does not allege specific factual allegations against the Defendants that would entitle Plaintiff

to relief. Instead, Plaintiff merely makes conclusory allegations that do not satisfy his obligation under the Federal Rules of Civil Procedure. Plaintiff's Complaint fails to set forth a plausible violation of the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 1983, and a viable case for negligence. More fundamentally, however, Plaintiff's Complaint attempts to assert causes of action against Parties that are not responsible for Plaintiff's grievances and who cannot be held liable for Plaintiff's allegations under his proposed theories of liability. Because of these significant deficiencies, Plaintiff's Complaint is due to be dismissed in its entirety.

**I. ETOWAH COUNTY DOES NOT EMPLOY OR OTHERWISE CONTROL THE SHERIFF'S DEPARTMENT.**

The Court should dismiss Plaintiff's Complaint to the extent that it brings claims against Etowah County because Etowah County cannot be held vicariously liable for alleged wrongdoing of Sheriff's Department employees. In addition to the general prohibition of vicarious liability under § 1983, counties in Alabama cannot be held liable for the alleged wrongdoing of Sheriff's or their employees because Sheriff's are State Constitutional officers and not county employees. *See Ex parte Sumter Cty.*, 953 So. 2d 1235, 1239 (Ala. 2006) (citations omitted) ("Sheriffs are not county employees . . . particularly for purposes of imposing respondeat superior liability upon the county."). "Alabama's Constitution clearly denominates the sheriff as a member of the state's executive department." *Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1288 (11th Cir. 1998) (en banc) (citing ALA. CONST. of 1901, art. V. §

3

112). Since sheriffs are members of the executive department, "a sheriff is not an employee of a county for the purposes of imposing liability on the county." *Id.* (citing *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987)). "Thus, Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious." *McMillian v. Monroe Cty.*, 520 U.S. 781, 789 (1997) (emphasis in original) (citing *Parker*, 519 So. 2d at 442).

Plaintiff's Complaint does not set forth an individual basis for liability against Etowah County but instead seeks to hold Etowah County liable for alleged wrongdoing by the Sheriff's Department and allegedly Sheriff Horton is responsible for these transgressions. Since it is clear that Alabama counties cannot be held legally liable for the wrongdoing of the Sheriff or the Sheriff's Department, Plaintiff's claims against Etowah County fail on their face because Plaintiff failed to set forth a claim upon relief may be granted. Therefore, the Court should dismiss Plaintiff's Complaint to the extent that it attempts to establish claims against Etowah County.

## II. PLAINTIFF CANNOT MAINTAIN CLAIMS AGAINST SHERIFF HORTON IN HIS OFFICIAL CAPACITY.

Plaintiff cannot maintain suit against Sheriff Horton in his official capacity as such a claim violates the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. "Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest." *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)) (additional citations omitted). Official capacity suits are considered suits against the state "because an award of damages would be paid by the state." *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). In Alabama, Sheriffs are State Executive Officers. *See* ALA. CONST. 1901, art. V § 112. Therefore, any suit against Sheriff Horton in his official capacity is, in essence, is a suit against the State of Alabama, which is explicitly prohibited by the Eleventh Amendment.

Courts have recognized exceptions to Eleventh Amendment immunity. "First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment." *Carr*, 916 F.2d at 1524 (citing *Atascardero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985)). Second, a state can waive its Eleventh Amendment Immunity. *Id*. However, neither of these exceptions apply here. Congress did not abrogate a state's Eleventh Amendment immunity in suits under 42 U.S.C. § 1983.

*Id.* at 1525 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Secondly, under the Alabama Constitution, no person can waive Alabama sovereign immunity. *See* ALA. CONST. 1901, art. I § 14 ("the State of Alabama shall never be made a defendant in any court of law or equity.").

Finally, while Plaintiff's Complaint contains many restatements of law and citations to authority,[2] Plaintiff fails to identify any citation to authority that would permit him to pursue claims against Sheriff Horton in his official capacity as Etowah County Sheriff. Plaintiff's Complaint cites this Court to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for the proposition he can assert claims against the State and against counties. *See* Doc. 20 at ¶ 1. Plaintiff's assertion is perplexing given the actual holding in *Bivens* and the Defendants involved. Indeed, as the case name makes clear, the *Bivens* defendants

---

[2] Plaintiff's citations to legal authority within his Complaint highlight the impropriety of Plaintiff's Complaint in its entirety and contradiction to the Federal Rules of Civil Procedure, as discussed more in depth in Section V. Rule 8 of the Federal Rules of Civil Procedure set forth the General Rules of Pleading and clearly state a claim for relief should include several items but does not require citations to law or legal argument. Indeed, the purpose of the Complaint—and pleadings generally—are to establish the *factual basis* for the plaintiff's claim. *See generally* FED. R. CIV. P. 8(a); *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Twombly*, 550 U.S. at 555. It is apparent that Plaintiff's Complaint—by setting forth legal paradigms and elements of a cause of action—is nothing more than a "formulaic recitation of the elements of [the] cause[s] of action" that he intends to assert against Defendants. The Supreme Court has already determined that such formulaic recitations are wholly inappropriate and fall well below the standard of pleading the Federal Rules of Civil Procedure impose. *Iqbal*, 556 U.S. at 678 (citation omitted); *Twombly*, 550 U.S. at 555.

were six *federal agents* and the Supreme Court held a plaintiff may pursue claims against *federal agents* acting pursuant to *federal law* that injure the plaintiff by violating their Fourth Amendment Constitutional rights. *Id.* at 395-96. In fact, the Supreme Court did not even mention the word "county", "counties", or "sheriff" in its entire opinion, as such references would be wholly improper when discussing suits against *the federal government* and its agents. Thus, Plaintiff's citation to *Bivens* does not overcome the clear statement of law within the Eleventh Amendment.

Because Plaintiff failed to identify any theory or facts that would permit him to pursue claims against Sheriff Horton in his official capacity, he failed to set forth claim upon which relief may be granted. Therefore, the Court should dismiss all claims against Sheriff Horton in Plaintiff's Complaint because the Eleventh Amendment bars all such claims.

### III. PLAINTIFF'S CLAIM PURSUANT TO TITLE II OF THE ADA IS IMPROPER.

Plaintiff's claim pursuant to the ADA fails to set forth an actionable case against Defendants and fails to plead any set of facts that would permit Plaintiff to recover against Defendants, who are arms of the State, under 42 U.S.C. § 12132. To the extent that Plaintiff claims damages under the ADA, Congress's only abrogation

of the Eleventh Amendment under Title II of the ADA[3] relates to discrimination under § 12132. *See generally U.S. v. Georgia*, 546 U.S. 151, 153-54 (2006).[4] Section 12132 provides "no qualified individual with a disability shall, by reason of such disability, be excluded form participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Plaintiff does not allege Defendants excluded him from participation in any activities or that Defendants denied Plaintiff of the benefits of any services, programs, or activities of a public entity, or that he was subjected to discrimination. Moreover, to the extent Plaintiff's Complaint does set forth a request for a reasonable modification or reasonable accommodation, Plaintiff's own allegations show a county employee provided an accommodation to transfer to a unit that was more accessible, and Plaintiff denied that offer. Doc. 20 at 7. Indeed, under the ADA, a public entity is not required to make the requested modification of the requestor's choice and may provide other reasonable modifications/accommodations. *See A.L.*

---

[3] Congress was without the authority to abrogate the Eleventh Amendment because Congress failed to identify any pattern of discrimination that would provide it the ability to abrogate the Eleventh Amendment with the breadth of the ADA. *See Jamison v. Delaware*, 340 F. Supp. 2d 514, 517-18 (D. Del. 2004) (holding Congress's abrogation of the Eleventh Amendment under Title II of the ADA was unconstitutional). Even more, to the extent that Congress could properly abrogate the Eleventh Amendment, the ADA is not congruent and proportional to meet the needs of alleged discrimination against persons with disabilities. *Id.* at 518.

[4] Moreover, to the extent that U.S. v. Georgia stands for the principal that an inmate may bring claims against a state under Title II of the ADA, the claim is restricted to those benefits that are constitutionally required under the Eighth Amendment. *See Georgia*, 546 U.S. at 157-59. Plaintiff does not provide any facts or allegations to support a conclusion that the conditions of confinement violated the Eighth Amendment and, therefore, Plaintiff's claim must fail.

*by and through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1296 (11th Cir. 2018) (citing *Steward v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285-86 (11th Cir. 1997)) ("facilities are not required to make the preferred accommodation of plaintiff's choice").

Since Plaintiff's ADA claim fails to set forth a set of facts that could plausibly establish a claim under Title II of the ADA, and because county employees actually offered Plaintiff a reasonable accommodation to the extent any request was made, Plaintiff's ADA claim is due to be dismissed. This Court should grant Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

**IV. SHERIFF HORTON IS ENTITLED TO IMMUNITY FROM PLAINTIFF'S STATE LAW CLAIMS.**

Plaintiff's state law claims fail as a matter of law because Sheriff Horton is entitled to immunity from Plaintiff's claims. Specifically, Sheriff Horton is entitled to state agent immunity pursuant to *Cranman*. Furthermore, Sheriff Horton is entitled to Alabama sovereign immunity.

*1. Defendants are entitled to Cranman immunity.*

Plaintiff's claims under state law torts fail as a matter of law because Defendants are entitled to state agent immunity pursuant to *Ex parte Cranman*, 792 So. 2d 391 (2000). In *Cranman*, the Supreme Court of Alabama enunciated the rule governing State-agent immunity as follows:

A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

    (a) making administrative adjudications;
    (b) allocating resources;
    (c) negotiating contracts;
    (d) hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent *shall not* be immune from civil liability in his or her personal capacity

(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the

> purpose of regulating the activities of a governmental agency require otherwise, or
>
> (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Id.* at 405 (emphasis added); *see also Ex parte Randall*, 971 So. 2d 652, 662 (Ala. 2007) ("Although *Cranman* was a plurality decision, the restatement of law as it pertains to State-agent immunity set forth in *Cranman* was subsequently adopted by this Court's decisions in *Ex parte Rizk*, 791 So. 2d 911 (Ala. 2000), and *Ex parte Butts*, 775 So. 2d 173 (Ala. 2000).").

In *Ex parte Estate of Reynolds*, the Supreme Court of Alabama outlined the proper analysis for a claim of state-agent immunity under *Cranman*:

> This Court has established a "burden-shifting" process when a party raises the defense of State-agent immunity. *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003). In order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity. *Giambrone,* 874 So. 2d at 1052; *Ex parte Wood*, 852 So. 2d 705, 709 (Ala. 2002). If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. *Giambrone*, 874 So. 2d at 1052; *Wood*, 852 So. 2d at 709; *Ex parte Davis*, 721 So. 2d 685, 689 (Ala. 1998) "A State agent acts beyond authority and is therefore not immune when he or she 'fail[s] to discharge duties pursuant to detailed rules or regulations, such as those

> stated on a checklist.'" *Giambrone*, 874 So. 2d at 1052 (quoting *Ex parte Butts*, 775 So. 2d 173, 178 (Ala. 2000)).

946 So. 2d 450, 452 (Ala. 2006). Alabama common law provides that "[s]tate-agent immunity protects state employees, as agents of the State, in the exercise of their judgment in executing their work responsibilities." *Brown v. City of Huntsville, Ala.,* 608 F.3d 724, 740 (11th Cir. 2010) (quoting *Ex parte Hayles,* 852 So. 2d 117, 122 (Ala. 2002)). Specifically, the common law rule provides that

> [a] State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's … (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons.

*Ex parte Cranman,* 792 So. 2d 392, 405 (Ala. 2000) (emphasis in original).

This Court should dismiss Plaintiff's state law claim against Sheriff Horton because Plaintiff's claim is prohibited by state agent immunity. At all times relevant to Plaintiff's claim, Sheriff Horton exercised his judgment in the discharge of duties imposed on them by state law, specifically the Sheriff's duty to care for jail inmates. This alone provides grounds for this Court to dismiss Plaintiff's state-law claim. Therefore, this Court should dismiss Plaintiff's state law claim against Sheriff Horton.

  2. *Sheriff Horton Is Entitled To Sovereign Immunity From Plaintiff's State Law Claim And, Therefore, Plaintiff's Negligence Count Is Due To Be Dismissed.*

12

This Court should dismiss Plaintiff's state law claim for negligence against Sheriff Horton because Sheriff Horton is entitled to sovereign immunity under the Alabama Constitution for all state law claims. The Alabama Constitution provides "the State of Alabama shall never be made a defendant in any court of law or equity." ALA. CONST. art. I, § 14. Sheriffs and Sheriff Deputies—as arms of the State—enjoy this sovereign immunity. *See LeFrere v. Quezada*, 582 F.3d 1260, 1265-66 (11th Cir. 2009); ALA. CODE § 14-6-19. As case law makes clear, when a Sheriff or Sheriff's Deputy is "'acting within the line and scope of [his] employment,' [§ 14 immunity] is absolute." ECF No. 62 at 5 (first alteration in original) (citing *Ex parte Sumter Cnty.*, 953 So. 2d 1235, 1239 (Ala. 2006)). Indeed, this sovereign immunity is "broader than state-agent immunity because it provides nearly absolute protection from state law claims." *LeFrere*, 582 F.3d at 1265 (citing *Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002)). The Alabama Supreme Court acknowledged that this wall of immunity is "nearly impregnable." *Patterson*, 835 So. 2d at 142 (citations omitted).

Plaintiff's negligence claim fails to overcome this "nearly impregnable" wall and, therefore, Plaintiff's claim against Sheriff Horton is due to be dismissed. Plaintiff complains about Sheriff Horton's conduct as the Etowah County Sheriff and attempts to bring negligence claims against Sheriff Horton in his official capacity. These attempts are improper and not supported by the laws of the State of

Alabama. This Court should dismiss Plaintiff's improper attempts to contradict established State law.

## V. PLAINTIFF'S COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING.

This Court should dismiss Plaintiff's Complaint for failure to comply with the Federal Rules of Civil Procedure. Plaintiff filed his initial complaint, Doc. 1, rife with legally improper claims and allegations, before filing his First Amended Complaint—which is now before the Court. After Plaintiff filed his initial complaint, Defendants filed a motion to dismiss and supporting brief on the same grounds asserted in this brief. *See* Docs. 11 & 12. Plaintiff responded to Defendants' motion to dismiss, Doc. 15, and Defendants replied, Doc. 16. Plaintiff's new Complaint fails to remedy the same deficiencies outlined in the initial motion to dismiss and supporting brief. Therefore, Plaintiff has had adequate opportunity and notice to remedy these deficiencies and failed to do so. This Court should not permit Plaintiff to replead his claims and should instead simply dismiss Plaintiff's claims in their entirety.[5] Nonetheless, if this Court is not persuaded Plaintiff's Complaint is due to be dismissed, Defendants respectfully move this Court to order Plaintiff to replead his Complaint pursuant to Rule 12(e), requiring Plaintiff to comply with the Federal Rules of Civil Procedure.

---

[5] The Court should note Plaintiff is represented by competent counsel and, therefore, will not suffer any prejudice by dismissal of his claims that generally preclude a court's dismissal of *pro se* pleadings for failure to comply with the Federal Rules of Civil Procedure.

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to file a motion for more definitive statement if a pleading to which a responsive statement is allowed "is so vague and ambiguous that a party cannot reasonably prepare a response." The Supreme Court held that a court should grant a motion for more definite statement to correct a deficiency in a pleading that "fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 516 (2002). Relief under Rule 12(e) is also appropriate where legal claims in the challenged pleading do not clearly correspond to individual defendants in a complaint. *See Cruz v. Cinram Int'l, Inc.*, 574 F. Supp. 2d 1227, 1233 (N.D. Ala. 2008) (holding that a motion for a more definite statement is appropriate relief where the plaintiff's complaint asserts "factual allegations against 'Defendants' as a group, with no statements of individual wrongs by individual defendants"); *see also Mt. Hebron Dist. Missionary Baptist Ass'n of AL., Inc. v. The Hartford Co.*, No. 3:16-cv-00658-CDL-GMB, 2017 WL 4467016, at *1 (M.D. Ala. 2017) (Borden, Mag.) ("Lumping all of the defendants into one collective group in this manner 'does not give fair notice' to the defendants of the claims against them and the factual allegations underlying those claims." (citations omitted)).

As the Eleventh Circuit has repeatedly noted, "shotgun" style pleadings are highly scrutinized and improper. *See, e.g., Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 729 (11th Cir. 2018); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-58

(11th Cir. 2018); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008). A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim for relief." *Anderson v. Dist. Bd. of Trs. Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Litman v. Mabus,* No. 1:13cv43-WLS, 2013 WL 5781666, at *2 (M.D. Ga. Oct. 25, 2013) ("The main problem with a shotgun pleading, however, is that it does not notice the opposing party of the *factual allegations* that relate to each cause of action.") (emphasis in original; citing *Wagner,* 464 F.3d at 1279). The Eleventh Circuit condemns shotgun pleadings "both for the confusion they cause litigants and the havoc they wreak on the docket." *Mt. Hebron Dist. Missionary Baptist Ass'n of Ala., Inc. v. The Hartford Co.*, 2017 WL 4467016, *1 (M.D. Ala. Mar. 16, 2017) (Borden, Mag.) (citation and internal quotation marks omitted); *see Wagner*, 464 F.3d at 1279 ("[S]hotgun pleadings wreak havoc on the judicial system." (citation omitted)); *Bryne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (stating shotgun pleadings are "abusive litigation tactics" that if "deliberate and actually impedes the orderly litigation of the case, to wit: obstructs justice, the perpetrator could be cited for criminal contempt.").

Plaintiff's Complaint is an impermissible shotgun pleading because Plaintiff failed to provide sufficient factual allegations in each count of the Complaint. Instead, Plaintiff merely refers to three different defendants as "Defendants" generally, without any specific reference to each individual defendant's alleged wrongdoing. This confusion is compounded by Plaintiff's assertion of claims against two government entities and a private corporation, which Plaintiff's Complaint lump together as if they act together as a monolith. Furthermore, Plaintiff makes no specific factual allegations against the Defendants but instead merely makes conclusory statements of liability—attempts at reciting the "formulaic" elements of a cause of action. Plaintiff's Complaint remains a shotgun pleading. The Complaint fails to establish sufficient facts against the Defendants to support the causes of action. Thus, Plaintiff's Complaint fails to comply with the requirements of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure.

## CONCLUSION

This Court should grant the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. The Plaintiff fails to allege sufficient facts to state a claim against the Defendants. Accordingly, Plaintiff's Complaint is due to be dismissed.

Respectfully submitted this 2nd day of June 2021.

/s/ C. Richard Hill, Jr.
C. RICHARD HILL, JR. (HIL045)
ASHLEY H. FREEMAN (FRE044)
BLAKE E. BROOKSHIRE (BRO313)
*Attorneys for the Defendants*

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
Post Office Box 2069
150 South Perry Street (36104)
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Email: rick.hill@chlaw.com
      ashley.freeman@chlaw.com
      blake.brookshire@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of June 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to the following:

Trenton Rogers Garmon
Garmon & Associates, PLLC
2024 Third Avenue North
Birmingham, AL 35203

/s/C. Richard Hill, Jr.
OF COUNSEL