# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **QUARTEZ DONDARIOUS MARSHALL,**<br>      **Plaintiff,**<br><br>**v.**<br><br>**ETOWAH COUNTY, et al.,**<br>      **Defendants.** | **Case No. 4:20-cv-01429-CLM** |

## MEMORANDUM OPINION

Plaintiff Quartez Marshall is a paraplegic former inmate of the Etowah County Detention Center. Marshall sues Defendants Etowah County and Sheriff Jonathon Horton, in his official capacity as Etowah County Sheriff, alleging that the Etowah County Detention Center didn't have accessible facilities for him to use. Etowah County and Horton have moved to dismiss Marshall's amended complaint. Doc. 24. Alternatively, Etowah County and Horton ask that the court require Marshall to file a more definite statement. *See id.*

For the reasons stated below, the court will **GRANT** the motion to dismiss (doc. 24). But the court will dismiss Marshall's amended complaint without prejudice, so that he can have one final chance to cure his pleading deficiencies.

## STATEMENT OF THE ALLEGED FACTS

Marshall is a T6 paraplegic who was incarcerated at the Etowah County Detention Center from January 2020 to February 2021. Marshall is now being detained at the Bullock Correctional Facility. According to Marshall, his unit at the Etowah County Detention Center didn't have handicap handrails to help disabled inmates use the toilet. So to use the toilet Marshall had to grab either the lid of the toilet or the floor, which caused him to touch a wet mixture of water and urine.

Marshall also says that the sinks and showers in his unit weren't accessible. For example, Marshall alleges that to enter the shower he had to "jump" a divider between the shower and its entrance with his wheelchair. And for 3 months, jail officials didn't provide Marshall with a shower chair, so he had to shower in his wheelchair. This caused Marshall's wheelchair to become saturated and remain wet for 3 to 4 days at a time.

Marshall claims that he reported his problems with the Etowah County Detention Center's facilities, including the lack of handrails and shower chair, to either a Captain or Deputy. This official then informed Marshall that the only option was to transfer Marshall to the "lock-down" unit, which houses violent offenders and inmates with disciplinary issues. But Marshall doesn't believe that this unit complies with the Americans with Disabilities Act's ("ADA") requirements.

So Marshall sues Etowah County and Horton under Title II of the ADA (Count 1), 42 U.S.C. § 1983 (Count 2), and common-law negligence (Count 3).

## STANDARD OF REVIEW

Because this is a Rule 12 motion, the court accepts the allegations in Marshall's complaint as true and construes them in the light most favorable to Marshall. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether all of Marshall's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). If the facts as pleaded could entitle Marshall to relief, then the court must deny Defendants' motion to dismiss. If, however, the court accepts all of Marshall's pleaded facts as true, and Marshall still would not be entitled to relief, then the court must grant the motion.

## ANALYSIS

Marshall's complaint presents two distinct theories for why the Etowah County Detention Center's facilities weren't accessible. First, Marshall asserts that Etowah County neglected to adequately fund the detention center. Second, Marshall contends that Horton inadequately oversaw the day-to-day operations of the Etowah County Detention Center by allowing its facilities to remain inaccessible.

As explained below, Marshall doesn't adequately state a claim against either Etowah County or Horton. But because an amended complaint might repair

Marshall's pleading defects, the court will grant Marshall one final opportunity to amend his complaint. So the court will only briefly explain the pleading defects that Marshall needs to correct.

## I.  Claims against Etowah County

The court starts with Marshall's claims against Etowah County. Under Alabama law, sheriffs, not counties, bear responsibility for the daily operation of county jails. *See Ex parte Sumter Cty.*, 953 So. 2d 1235, 1238 (Ala. 2006). The only duties that counties have related to jails are to "maintain[ ] the jail's physical plant and provid[e] operational funding." *Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1291 (11th Cir. 1998) (en banc). And courts cannot hold counties liable for a sheriff's inadequate management of a jail because "a sheriff is not an employee of a county for the purposes of imposing liability on the county." *See id.* at 1288.

Etowah County argues that the court should dismiss the claims against it because Marshall is impermissibly trying to hold the County liable for alleged wrongdoing by the Etowah County Sheriff's Department and its employees. Marshall responds that he isn't seeking to hold Etowah County liable for the acts of Horton and his deputies. Instead, he is suing Etowah County for failing to provide adequate funds to maintain accessible facilities for disabled inmates.

Marshall's complaint alleges: (1) that Etowah County must fund and maintain the premises of the Etowah County Detention Center; (2) that the jail's inaccessible

4

conditions were because of "the neglect of the county to fund the detention center"; and, (3) that the County breached its duty to maintain and facilitate the use of facilities for all inmates. *See* Doc. 20 ¶¶ 5, 16, 40, 41. So the court construes Marshall's claims against Etowah County as failure to fund claims. But none of Marshall's well-pleaded factual allegations support his conclusory assertions that Etowah County breached its duty to provide adequate funds for the Etowah County Detention Center. Indeed, Marshall pleads no facts about the County's budget, how it allocates funds to the jail, or what renovations the County could pay for that would make the jail accessible to disabled inmates. Instead, Marshall's allegations merely suggest that those who oversee the Etowah County Detention Center's daily operations failed to accommodate his disability.

Plus, Marshall's ADA and § 1983 claims do not refer to Etowah County's duty to fund. Instead, Marshall merely references Etowah County's alleged inadequate funding when he describes the parties, details his general factual allegations, and discusses his negligence claim.

So the court will dismiss Marshall's claims against Etowah County because he hasn't adequately pleaded that Etowah County failed to properly fund the Etowah County Detention Center. Nor has he clearly alleged which claims he brings as failure to fund claims. Should Marshall replead his claims against Etowah County,

the court encourages him to specify in each count whether he bases his claims on a failure to fund theory of liability.

## II. Claims against Horton

As discussed above, Marshall sues Horton for inadequately overseeing the day-to-day operations of the Etowah County Detention Center. Both the caption and body of Marshall's complaint state that Marshall is suing Horton in his official capacity only. *See id.* ¶ 1. So the court doesn't address whether Marshall can state individual capacity claims against Horton. If Marshall intends to bring both individual and official capacity claims against Horton, he will need to make that clear in his second amended complaint.

"Lawsuits against a state official in his or her official capacity are suits against the state when the state is the real, substantial party in interest." *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990) (quotations and citations omitted). And under Alabama law, sheriffs are state employees. *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996). This typically means that Eleventh Amendment immunity bars official capacity claims brought against Alabama sheriffs. *See Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016).

But there are three exceptions to Eleventh Amendment immunity. "First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth

amendment." *Carr*, 916 F.2d at 1524. "Second, a state may waive its immunity expressly through legislative enactment." *Id.* Finally, the Eleventh Amendment doesn't bar claims for prospective injunctive relief against state officials acting in their official capacities. *See id.* at 1524 n.2.

### A.     Title II ADA Claim (Count 1)

Congress has expressed an intent to abrogate Eleventh Amendment immunity for Title II ADA claims. *See United States v. Georgia*, 546 U.S. 151, 154 (2006). To determine whether that abrogation was valid, the court must consider on a claim-by-claim basis:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.* at 159.

At step 1, Marshall must show that he has plausibly alleged a Title II violation. This requires Marshall to have adequately alleged: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was because of his disability. *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Though it's difficult to parse the exact basis for Marshall's ADA claim, it looks like he is seeking to hold Horton liable for failing to make reasonable modifications or accommodations for his disability. The problem for Marshall is that he alleges no facts that would suggest that jail officials refused a request for modification or accommodation. Instead, Marshall alleges that when he brought up the lack of handrails or shower chair with a prison official, the official gave him the option of being transferred to the "lock-down" unit. Doc. 20 ¶ 27. Marshall has failed to explain why this offered accommodation wasn't reasonable. And Marshall's assertion that "[h]e doesn't believe this unit is ADA-compliant either," *id.*, is a legal conclusion that isn't entitled to the assumption of truth. So the court finds that, as currently pled, Marshall's complaint doesn't state a viable ADA claim against Horton. Whether Marshall can plead facts that state an ADA claim against Horton and comply with Rule 11, remains to be seen. Should Marshall replead Count 1 the court encourages him to specify which type(s) of ADA claims he is bringing.

**B.     Section 1983 Claim (Count 2)**

In Count 2, Marshall brings a § 1983 claim against Horton, alleging violations of his Fifth Amendment rights to Equal Protection, his Eighth Amendment rights against Cruel and Unusual Punishment, and his Fourteenth Amendment rights to Due Process. Congress hasn't abrogated Eleventh Amendment immunity for § 1983 claims, and Alabama hasn't waived its immunity. *See Melton*, 841 F.3d at 1235. So

Marshall cannot recover monetary damages for his § 1983 official capacity claims against Horton.

And to the extent that Marshall is asking for prospective, injunctive relief, he hasn't shown that he has standing to seek this relief. To determine standing, the court looks for three things: "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *See Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

Marshall alleges that he is currently a detainee at Bullock Correctional Facility and that his detention at the Etowah County Detention Center ended in February 2021. So Marshall has failed to show that he faces a threat of future injury from the allegedly inadequate facilities at the Etowah County Detention Center. Instead, Marshall has shown only that he suffered *past* harm from having to use inaccessible facilities. And "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Church*, 30 F.3d at 1337 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). So Marshall doesn't "have standing to

9

seek prospective relief even if he has suffered a past injury." *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003). Thus, as currently pled, the court lacks jurisdiction over Marshall's § 1983 claims against Horton.

### C. Negligence Claim (Count 3)

Marshall's final claim against Horton is a claim for negligence under Alabama law. "[T]he State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. This provision "provides absolute immunity from suit—and thus liability—for monetary damages based on state-law claims, not only for the State but also for State officials acting in their official capacities." *Ala. State Univ. v. Danley*, 212 So. 3d 112, 124 (Ala. 2016). But there are six limited exceptions to § 14 immunity:

(1) actions brought to compel state officials to perform their legal duties;

(2) actions brought to enjoin state officials from enforcing an unconstitutional law;

(3) actions to compel state officials to perform ministerial acts;

(4) actions brought under the Declaratory Judgments Act seeking construction of a statute and its application in a given situation;

(5) valid inverse condemnation actions brought against state officials in their official capacity; and

(6) (a) actions for injunction brought against state officials in their official capacity where it is alleged that they acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, and (b) actions for damages brought against state officials in their individual capacity where it is alleged that they had acted fraudulently, in bad

>faith, beyond their authority, or in a mistaken interpretation of law, subject to the limitation that the action not be, in effect, one against the state.

*Ex parte Moulton*, 116 So. 3d 1119, 1131, 1141–42 (Ala. 2013).

None of these exceptions apply here. Marshall cannot recover monetary damages against Horton because (a) he hasn't sued him in his individual capacity, and (b) he doesn't allege that Horton acted fraudulently, in bad faith, beyond his authority, or in a mistaken interpretation of law. And, as discussed above, Marshall hasn't shown that he has standing to seek prospective injunctive or declaratory relief from Horton. So the court will dismiss Marshall's negligence claim against Horton.[1] But because Marshall *might* can plead facts that show that an exception to § 14 immunity applies, the court will allow him to replead his negligence claim.

\* \* \*

In summary, the court will dismiss Marshall's claims for insufficient pleading. But this court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). And having reviewed Marshall's complaint and the parties' arguments, the court finds that an amended complaint might could repair Marshall's pleading deficiencies. Plus, though Marshall has already amended his complaint once, this is the first time that the court has dismissed Marshall's claims for

---

[1] The court doesn't discuss whether Marshall has pleaded facts that could overcome state-agent immunity because state-agent immunity applies only to claims against officials "in his or her **personal capacity**." *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000) (emphasis added).

insufficient pleading. So there is no substantial reason for the court to deny Marshall leave to amend. *See Perez v. Wells Fargo N.A*, 774 F.3d 1329, 1340–41 (11th Cir. 2014). But the court warns Marshall that it is unlikely to allow him to amend his complaint for a third time.

Aside from fixing the pleading deficiencies noted above, Marshall's second amended complaint should also address the shotgun pleading deficiencies noted in Horton and Etowah County's motion to dismiss. For example, the second amended complaint should not lump Horton and Etowah County together as "Defendants" but should instead specify who did what and explain which facts apply to which Defendant. As the court has already let Marshall dismiss Doctors' Care Physicians, P.C. as a Defendant, *see* doc. 35, the second amended complaint should also delete the references to Doctors' Care's alleged liability.

And Marshall should plead facts in his substantive counts, not make legal arguments. The court also encourages Marshall to separate out his causes of action into different counts. To be specific, the court notes that as currently pled, Count 2 brings claims under three different constitutional provisions, alleging discrimination based on both race and age. This violates Rule 10's requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

If Marshall's second amended complaint fails to fix these shotgun pleading defects, the court will dismiss his complaint with prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him *one chance* to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." (emphasis added)).

## CONCLUSION

For these reasons, the court will **GRANT** Horton and Etowah County's motion to dismiss (doc. 24). Marshall may amend his complaint by **November 8, 2021**. The failure to amend by this date will lead to the court dismissing, with prejudice, Marshall's complaint.

If Marshall amends his complaint, Horton and Etowah County must respond by **November 22, 2021**. If any Defendant files a Rule 12 motion to dismiss, the court will enter a briefing schedule. Discovery will not be ordered until the court rules on any motion to dismiss. The court will enter a separate order that carries out this ruling.

**DONE** on October 18, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE